Stephen GOLDSMITH, 19th Judicial Circuit, Michael M. Packard, as Commissioner of the Indiana Bureau of Motor Vehicles and Joseph McAtee, as Sheriff of Marion County, Indiana, Respondents-Appellants,

v.

Michael A. PELLEY, Plaintiff-Appellee.

No. 49A02–8707–CV–300.

Court of Appeals of Indiana,
First District.

Jan. 25, 1988.

Michael S. Jensen, Marion County Prosecutor's Office, Indianapolis, for respondents-appellants.

Richard Gonon, Indianapolis, for plaintiff-appellee.

RATLIFF, Chief Judge.

### STATEMENT OF THE CASE

Stephen Goldsmith, prosecuting attorney of the 19th Judicial Circuit; Michael M. Packard as Commissioner of the Indiana Bureau of Motor Vehicles; and Joseph McAtee as Sheriff of Marion County, (Appellants) appeal the trial court's granting of a probationary driver's license to Michael A. Pelley. We reverse.

### FACTS

On July 7, 1986, Pelley was determined to be an habitual traffic offender by the Bureau of Motor Vehicles, and his driving privileges were suspended from July 7, 1986, to July 7, 1996, pursuant to Indiana Code section 9–12–1–4(c).[1] On July 9, 1986, Pelley petitioned for judicial review, and after a hearing on the petition, the trial court, on March 6, 1987, found Pelley to be an habitual traffic offender under Ind. Code § 9–12–1–4(c), and ordered his driving privileges reinstated on a probationary basis. Appellants contend Pelley was ineligible for a probationary license until after he had served five (5) years of the suspension of driving privileges.

### ISSUE

The sole issue presented for our determination is whether a person whose driving privileges have been suspended for ten (10) years upon being adjudged to be an habitual traffic offender may be placed on probation granted restricted driving privileges

---

1. Pelley had accumulated three convictions for operating a vehicle while intoxicated within a ten (10) year period. He admitted this at the hearing on his petition for judicial review.

prior to his having served at least five (5) consecutive years of driving privilege suspension. We hold he may not.

## DISCUSSION AND DECISION

 The applicable statutory provisions are found in Indiana Code section 9–12–2–5(b) and read as follows:

"(b) If a court finds that a person:

(1) is an habitual violator under IC 9–12–1–4(c);

(2) has not been previously placed on probation under this section by a court;

(3) does not have a judgment for any violation listed in IC 9–12–1–4(b);

(4) has had his driving privileges suspended under this chapter for at least five (5) consecutive years; and

(5) has not violated the terms of his suspension by operating a vehicle;

the court may place the person on probation in accordance with subsection (c). However, if the person has any judgments for operation of a vehicle while intoxicated or with at least ten-hundredths percent (0.10%) alcohol in the blood, the court, before it places a person on probation under subsection (c), must find that the person has successfully fulfilled the requirements of a rehabilitation program certified by the division of addiction services of the state department of mental health."

The meaning of the provision in Ind. Code § 9–12–2–5(b)(4) is the issue here. Pelley contends he meets the eligibility requirement of that subsection because his driving privileges were suspended for more than five (5) years. Appellants argue that Pelley had to serve five (5) consecutive years of such suspension before becoming eligible for probation and a restricted license, citing our decision in *Wooley v. Commissioner of Motor Vehicles* (1985), Ind.App., 479 N.E.2d 58, *trans. denied.* We agree with Appellants that *Wooley* is controlling.

In commenting upon Ind. Code § 9–12–2–5(b), this court said that the intent of the legislature was to alleviate the economic effect of such suspensions upon habitual offenders and their families "by permitting them to operate a motor vehicle to earn a livelihood *after a five-year period in which they have demonstrated reformation.*" (Emphasis added). *Wooley* at 61.

Here, Pelley's driving privileges had been suspended less than one (1) year when he was granted probation and a restricted license. This was error.

Judgment reversed and cause remanded to the trial court with instructions to vacate its order granting probation and to revoke Pelley's restricted license.

ROBERTSON and SULLIVAN, JJ., concur.